UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **05-187 (ESH)** |
| v. : | |
| : | |
| **MARK CALLAHAM** : | |
| : | |

## MOTION TO EXCLUDE U.S. CURRENCY AND
## INCORPORATED POINTS AND AUTHORITIES IN SUPPORT THEREOF

Mark Callaham, by and through undersigned counsel, respectfully moves the Court to preclude the government from introducing against him at trial testimonial and/or physical evidence that he was in possession of U.S. currency[1] at the time of his arrest in this matter. In support of this Motion, counsel states:

1.     Mr. Callaham is charged by indictment with unlawful possession of a firearm and ammunition by a convicted felon and possession of a controlled substance.

2.     When Mr. Callaham was arrested, the government alleges that the police officers seize U.S. Currency from his person. Mr. Callaham is not charged with distributions of narcotics so the money found on his person is irrelevant and therefore inadmissible.

## **ARGUMENT**

Relevance is a foundational requirement for the admissibility of all evidence. In other words, before evidence -- such as money, or testimony concerning a person's possession of money -- can be admitted into evidence, it must be found relevant. In order to be relevant, the evidence (1) must tend to establish the fact for which it is offered; (2) the fact must be "material"

---

[1] Counsel has not yet viewed all of the "personal property" seized from the vehicle, as listed in the police reports and discovery letter, and requests leave of this court to also move to exclude further items on relevancy grounds if necessary.

to the trial; and (3) the evidence must be sufficiently probative of the fact it tends to establish. Fed. R. Evid. 401 ("`Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); United States v. Fountain, 2 F.3d 656, 667 n.6 (6th Cir. 1993) ("[a] fact or proposition is `material' if it is properly provable in a case in the sense that it is disputed, or, at least, is `in issue'"); United States v. Dunn, 805 F.2d 1275, 1281 (6th Cir. 1986) ("relevancy at common law . . . . [requires that] the proposition to be proved must be a matter or issue in dispute in the case"). Of course, "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402.

Proof that when Mr. Callaham was arrested he had U.S. currency on his person has no logical tendency to establish that Mr. Callaham possessed drugs or the gun. See United States v. Fountain, 2 F.3d at 666-668 (even where defendant on trial for, among other things, possession with intent to distribute cocaine, evidence of his prior sales is "immaterial" to the offense charged "except to suggest the forbidden inference that `if he did it before he probably did it again'").[2] Apart from its power to prove propensity, the fact Mr. Callaham had US currency on

---

[2] Cf. United States v, Ferreira, 821 F.2d 1, 6-7 (1st Cir. 1987) (where bank robber merely appeared to have a gun, evidence that defendant was found with a loaded gun at the time of his arrest minutes after the bank robbery was irrelevant to his identity as one of the bank robbers, without even considering the issue of undue prejudice; ordering a new trial); United States v. Harvey, 991 F.2d 981, 996 (2d Cir. 1991)(adult X-rated material which did not involve child or simulated child pornography was irrelevant to prosecution for child pornography and should

his person at the time of his arrest is literally irrelevant to the pending charges.

Unless proffered evidence is relevant on its face, <u>Buckstaff v. Russell</u>, 151 U.S. 626, 637 (1894), the proponent of the evidence must satisfactorily explain its significance to the trial court, in the event of a relevancy objection, before the evidence can be admitted.  <u>See, e.g.</u>, <u>Harris v. United States</u>, 371 F.2d 365, 366 (9th Cir. 1967) (counsel only said "it is essential for the defense of this client").  Here, the government has not explained, and cannot explain, how introduction of evidence that Mr. Watson was carrying US currency and cell phones properly and logically advances its contention that he was in possession of narcotics and gun that the police recovered and therefore that evidence should not be admitted.

WHEREFORE, for the foregoing reasons, and any others which may appear to the Court at a hearing on this matter, Mr. Callaham and counsel respectfully requests that this Motion be granted.

Respectfully submitted,

_____
JENIFER WICKS
Bar No. 465476
Law Offices of Jenifer Wicks
The Webster Building
503 D Street, N.W. Suite 250A
Washington, D.C.  20001
(202) 326-7100

---

have been excluded; ordering new trial).