UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal No. 05-187 (ESH) |
| : | |
| MARCUS CALLAHAM, : | |
| Defendant. : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION FOR REVIEW OF DETENTION ORDER

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this opposition to defendant's Motion for Review of Detention Order. In support of this opposition the government relies upon the points and authorities set out in this memorandum and at any hearing on this matter.

### BACKGROUND

On April 21, 2005, at approximately 10:05 p.m., Metropolitan Police Department officers were in the 2200 Block of Hunter Place, S.E., Washington, D.C. At that time the officers observed a dark colored Chevrolet Tahoe, with Maryland license plates, traveling westbound. The officers noticed that the driver, later identified as Mark L. Callaham, was not wearing a seat belt.

The officers conducted a traffic stop. Officers spoke to the defendant, who was seated in the driver's seat. The defendant was asked to produce his driver's license. The defendant told the officers he had a driver's license but had left the license at home. As the officers were speaking to the defendant they noticed, in plain view, a clear plastic bag with a white substance in the rear floor console of the car.

The defendant was asked to exit the car. He complied, and officers conducted a protective search of the defendant. While conducting the protective search, one of the officers felt a hard metal

object in the defendant's right waistband area. The officer thought that the hard metal object was a gun, so he handcuffed the defendant and retrieved a loaded Ruger 9mm semi-automatic pistol from the defendant's right waist band area. The defendant was arrested.

The defendant had $719.00 in U.S. Currency on him at the time of his arrest. The officers explained to the defendant his constitutional rights. After the officers explained to the defendant his constitutional rights he spontaneously stated "Man can't you just take that stuff and let me go? You've already got the gun just let me go."

The officers also retrieved from the automobile the clear bag containing the white substance. The white substance was field tested and gave a positive reaction for cocaine. On or about May 11, 2005, the DEA Mid-Atlantic Laboratory examined the contents of the clear white bag and concluded that it contained 7.2 grams of cocaine hydrochloride. On April 22, 2005, the Ruger 9mm semi-automatic pistol was test-fired and found to be operable.

On April 22, 2005, the Honorable Deborah Robinson released the defendant on his personal recognizance. On May 19, 2005, the defendant was charged in a two-count indictment with Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, and Simple Possession of a Controlled Substance (Cocaine). On November 28, 2005, a jury trial commenced before the Court. On November 30, 2005, the jury convicted the defendant of Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year, and found the defendant not guilty of Simple Possession of a Controlled Substance (Cocaine). After the Court accepted the jury's verdict, the government requested the defendant be detained pending sentence. Defense counsel argued that the defendant should be permitted to remain on release, pending sentence. The Court, after hearing arguments from counsel, detained the defendant pending

sentence, which is scheduled for March 2, 2006.

## ARGUMENT

Pursuant to 18 U.S.C. Section 3143, the Court ". . . **shall** order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . .be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released . . .."

At the time the Court remanded the defendant, the Court was presented with all the facts and circumstances surrounding the defendant and his criminal history, and concluded that the defendant did not establish by clear and convincing evidence that the defendant was not a flight risk or a danger to the community. In the defendant's motion, he cites no new information warranting the Court to modify it's ruling, other than United States Pretrial Services Officer Ms. Kimberly Lee Watson's position. The government respects Ms. Watson's statement that she would not oppose the defendant's release, but quite frankly that should play no role in the Court's consideration of this motion. The court is in the best position to decide whether the defendant should be held pending sentence. The defendant failed, on November 30, 2005, and again in this motion, to establish, by clear and convincing evidence that he was not a flight risk or a danger to the community.

WHEREFORE, the government respectfully requests that the Court deny defendant's motion.

                              Respectfully submitted,

                              KENNETH L. WAINSTEIN
                              UNITED STATES ATTORNEY
                              D.C. BAR NO. 451058

By: _____
     ANTHONY SCARPELLI
     Assistant United States Attorney
     D.C. Bar No. 474711
     555 4th Street, N.W., #4816
     Washington, D.C. 20530
     (202) 353-1679

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing Government's Opposition To Defendant's Motion For Review of Detention Order was served upon the attorney for the defendant, Jenifer Wicks, Esquire, this 19th day of December, 2005.

_____
ASSISTANT UNITED STATES ATTORNEY